UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


W. Robert Wardell, Jr., *et al.*,   Case No.   3:18-cv-1075

        Plaintiffs

    v.   MEMORANDUM OPINION AND ORDER

Renea Royster,

        Defendant


    *Pro se* Plaintiffs W. Robert Wardell, Jr. and Don Mitchell Wilborn initiated this action on July 5, 2017, by filing a complaint in the Ottawa County, Ohio Court of Common Pleas against Defendants "Renea Royster; aka Renee Bell; aka Renyne Royster; dba, Bridging the Gap; dba, Penpalbtg@gamil.com; dba, Brokeeper15@gmail.com; dba, Renyne22@gmail.com; dba, RRBellRR@gamil.com; dba, LaylowMB@gmail.com."  (*See* ECF No. 1-1.)  The Plaintiffs' complaint alleges four state-law claims against the Defendants (for breach of contract, quantum meruit, conversion, fraud, and unjust enrichment) and prays for damages and other relief.

    On May 9, 2018, Defendant Renea Royster filed a Motion in this Court (ECF No. 1), requesting that the Plaintiffs' state-court action be removed to federal court on the basis of diversity of citizenship under 28 U.S.C. § 1332(a).  Section 1332(a)(1) provides that federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.  Defendant Royster asserts in her motion that the Plaintiffs are federal inmates incarcerated in South Carolina, and the Plaintiffs' complaint provides "business and home addresses for defendant in Ohio."  (ECF No. 1 at 2.)

On May 21, 2018, the Plaintiffs filed a Motion to Remand the action to state court (ECF No. 2), asserting a number of reasons why this action is not removable. First, the Plaintiffs assert the Defendants are all citizens of Ohio and are therefore barred from removing the action to federal court under 28 U.S.C. § 1441(b)(2), which provides that an action is not removable on the basis of diversity of citizenship if any of the parties served as a defendant "is a citizen of the State in which such action is brought."

Second, the Plaintiffs assert removal is untimely under 28 U.S.C. § 1446(b)(1), which requires that a notice of removal be filed within 30 days of receipt of the initial pleading sought to be removed.

Third, the Plaintiffs assert that an exercise of federal subject-matter jurisdiction over this case is improper because adverse rulings have already been made against the Defendants during the course of the proceedings in state court, and the *Rooker-Feldman* doctrine precludes an assertion of federal jurisdiction over cases seeking federal district court review of state court judgments.

The Defendant has not filed any response or opposition to the Plaintiffs' Motion to Remand. Upon review, I agree with the Plaintiffs that this action must be remanded to state court.

Federal courts are courts of limited jurisdiction and have an independent obligation to dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction." *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1254 (6th Cir. 1996); 28 U.S.C. § 1447(c) ("If at any time . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, "[t]he party seeking removal bears the burden of demonstrating that the district court has original jurisdiction," and "all doubts [are] resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006).

Defendant Royster has not met her burden of demonstrating a valid basis for the removal of this action to federal court, and the Plaintiffs have demonstrated that the action is not properly removed on the basis of diversity of citizenship.

Accordingly, the Plaintiff's Motion to Remand is granted, the Defendant's Motion for Removal is denied, and this action will be remanded to state court. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

    s/ Jeffrey J. Helmick
United States District Judge